GEOFFREY HANSEN
Acting Federal Public Defender
DANIEL P. BLANK
Senior Litigator
450 Golden Gate Avenue
San Francisco, California 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Daniel_Blank@fd.org

Counsel for Defendant WILLIAMS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WILLIE WILLIAMS,<br>Defendant. | **Case No.:** CR 19-0341 CRB<br>**DEFENDANT'S SENTENCING MEMORANDUM; REQUEST FOR BAIL PENDING APPEAL**<br>**Court: Hon. Charles R. Breyer**<br>**Date: February 23, 2022**<br>**Time: 1:30 p.m.** |

## INTRODUCTION

The U.S. Probation Officer incorrectly calculates the advisory U.S. Sentencing Guideline range for Defendant Willie Williams to be 84-105 months by erroneously failing to give him even partial credit for acceptance of responsibility, even though the trial jury's verdict was unanimously "not guilty" as to the five contested counts in the indictment and Mr. Williams affirmatively conceded his guilt at trial as to the only ultimate counts of conviction (misdemeanor possession of controlled substances and felon firearm possession). No guilty plea was entered prior to trial solely due to the need to preserve the right to appeal the denial of his motion to suppress. The correct advisory guideline range, including a two-level downward adjustment under U.S.S.G. § 3E1.1(a), is 70-87 months, based upon OL 20 and CHC VI.

In any event, a downward variance to a term of imprisonment of "time served," the effective equivalent of nearly 19 months custody for the time that Mr. Williams already served in this case from his arrest in July 2019 until his release in November 2020, is warranted under the factors of 18 U.S.C. § 3553(a). As to the only felony count of conviction of unlawful firearm possession in violation of 18 U.S.C. § 922(g), the unrebutted evidence at trial showed that the reason why Mr. Williams possessed a firearm (buried deep in the upholstery of his car) despite being a felon was not in furtherance of drug trafficking or for any other illicit purpose, but was instead to disarm a person who was threatening him with it. While these facts would not have amounted to a perfect necessity defense at trial properly resulting in a not guilty verdict, because Mr. Williams did not immediately take the firearm to the police or otherwise lawfully dispose of it, they are compelling when considering an appropriate sentence.

Alternatively, if the Court is not inclined to vary downward to a non-custodial sentence, the Court should at a minimum permit Mr. Williams to remain on release pending appeal of the denial of his case-dispositive motion to suppress. Although there have been some bumps in the road since the Court granted him pretrial release in November 2020, Mr. Williams has made great strides in his efforts to remain sober and gainfully employed. It would be unfair under these circumstances to remand Mr. Williams before he has a chance to seek review of the substantial question raised by his suppression motion.

## ARGUMENT

### I. CREDIT FOR ACCEPTANCE OF RESPONSIBILITY IS APPLICABLE

As a general matter, the downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 most commonly applies after a guilty plea. However, the application notes to that section explicitly provide that "in rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." U.S.S.G. § 3E1.1 (app. n. 2). Mr. Williams respectfully submits that the instant case is one of those "rare situations" warranting a downward adjustment of two levels under § 3E1.1(a) after trial.

That application note to § 3E1.1 provides an example of when such a downward adjustment for acceptance of responsibility is applicable after trial: "This may occur, for example, when a defendant goes to trial to assert and preserve issues that do not relate to factual guilt . . . ." *Id.* As the Court is well aware, that is exactly what occurred here. The Court denied the pretrial constitutional challenge brought by Mr. Williams under the Fourth Amendment to the search of his vehicle and person which yielded the evidence used against him at trial. Even though Mr. Williams never contested his factual guilt as to the counts for which the jury ultimately convicted him, a trial was necessary to preserve the legal right to appeal the denial of his pretrial motion to suppress. The assertion of the right to trial on those counts was thus solely to preserve a constitutional issue which did not relate to his factual guilt, and is therefore perfectly consistent with acceptance of responsibility.

The application note goes on to explain that, in determining whether a downward adjustment under § 3E1.1 is applicable after trial, sentencing courts should look primarily to the conduct of the defendant before any guilty verdict is rendered at trial. *See id.* ("In such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct."). Long before any verdict was returned in this case, the defense raised on behalf of Mr. Williams at trial affirmatively invited the jury to find him guilty of the four lesser-included misdemeanor counts of simple possession of controlled substances, as well as the felony count of unlawful firearm possession, the only

charges for which he was ultimately convicted, and prior to the commencement of trial Mr. Williams did and said nothing inconsistent with his factual guilt on those charges.

Accordingly, the Court should find that this case is one of the rare situations in which a downward adjustment of acceptance of responsibility under § 3E1.1 is applicable after trial. The resulting advisory Total Offense Level is 20, which yields an advisory guideline range of 70-87 months at Criminal History Category VI.

## II. DOWNWARD VARIANCE TO TIME SERVED IS WARRANTED

Although the advisory guideline range calculated in the PSR and that proposed by Mr. Williams both call for a term of imprisonment, the Court should vary downward under the factors of 18 U.S.C. § 3553(a) to a sentence of "time served." Sadly, like too many defendants, Mr. Williams' upbringing was marked by violent surroundings and serious neglect by his drug-addicted parents, laying the unfortunately predictable groundwork for his own struggles with substance abuse and the extensive criminal conduct directly related to it. *See* PSR ¶¶ 62-78; 114-116; 127-133. But what truly sets this case apart is that, as to the only felony count of conviction of 18 U.S.C. § 922(g), the unrebutted evidence at trial showed that the only reason why Mr. Williams possessed a firearm (buried deep in the upholstery of his car) despite being a felon was not in furtherance of drug trafficking or for any other illicit purpose, but instead to disarm a person who was threatening him with it. While these facts would not have amounted to a perfect necessity defense properly resulting in a not guilty verdict at trial, because Mr. Williams did not immediately take the firearm to the police or otherwise lawfully dispose of it, they are compelling when considering an appropriate sentence under the factors of § 3553(a).

Courts have long recognized that an imperfect trial defense can be powerful mitigation at sentencing. *See, e.g., United States v. Mejia,* 559 F.3d 1113 (9th Cir. 2010) (holding that district courts have authority to depart downward under the Sentencing Guidelines due to "imperfect entrapment"); *see also, e.g., United States v. Trujillo,* 2010 WL 5476756 (D.N.M. Dec. 1, 2010) (granting downward departure based upon "imperfect self-defense"). In this case, the applicable imperfect trial defense is "necessity," because Mr. Williams possessed the firearm at issue in order to prevent a greater harm.

As reflected in the Ninth Circuit Manual of Model Criminal Jury Instructions, a defense of "necessity" is a "legal excuse" occurring when: "1. the defendant was faced with a choice of evils and chose the lesser evil; 2. the defendant acted to prevent imminent harm; 3. the defendant reasonably anticipated [his] [her] conduct would prevent such harm; [and] 4. there were no other legal alternatives to violating the law[.] [; and] [5. the defendant surrendered to authorities as soon as it was safe to do so.]." 9th Cir. Man. Mod. Crim. Jury Ins. § 6.6. The Ninth Circuit has explicitly held that this defense applies to felon firearm possession in violation of 18 U.S.C. § 922(g). *See, e.g., United States v. Barnes,* 895 F.3d 1194, 1204-05 & nn.4 & 6 (9th Cir. 2018); *see also United States v. Gomez,* 92 F.3d 770, 775 (9th Cir. 1996).

Here the unrebutted evidence at trial, in the form of the content and timing of text messages introduced without objection, raised a strong inference that Mr. Williams' significant other Shameda Williams had been threatening him with a firearm and that the firearm subsequently found by the police buried in the upholstery of Mr. Williams' car was that same firearm, hidden there to prevent her from using it against Mr. Williams or anyone else. This evidence clearly makes out the first three elements of a necessity defense as set forth above. First, Mr. Williams was faced with a choice of two evils, potentially being shot by Ms. Williams or committing a crime by taking the firearm away from her. Second, after choosing the lesser evil, Mr. Williams hid the firearm in his car in order to prevent the imminent harm of Ms. Williams using it against him. And third, Mr. Williams reasonably anticipated that hiding the firearm in his car would prevent her from using it against him or anyone else.

However, the necessity defense admittedly does not apply perfectly in this case, to properly warrant an outright acquittal at trial on the charge of felon firearm possession, because there were other legal alternatives available to Mr. Williams, including reporting Ms. Williams to the police or turning the firearm (and himself) in, once Ms. Williams had been disarmed. Although it is understandable why Mr. Williams did not elect those alternatives, his failure to do so clearly renders the legal excuse of necessity imperfect in this case. Nevertheless, as discussed above, such an imperfect trial defense, while not warranting a verdict of not guilty, can still be compelling mitigating evidence at sentencing.

Here, consistent with the jury's unanimous acquittal of Mr. Williams on all charges of possessing controlled substances with intent to distribute and possessing a firearm during and in relation to a drug trafficking crime, the evidence at trial showed that the firearm found buried in the upholstery of Mr. Williams' car was not possessed in furtherance of drug trafficking or for any other illicit purpose, but was instead possessed to disarm a person who was threatening him with it. In this light, it is clear that this conduct by Mr. Williams was not intended in any way to pose a danger to the community. On the contrary, it was intended to prevent an imminent danger, even though its execution was not perfectly excusable. While Mr. Williams need not be lauded for his actions, these circumstances seriously undercut any public safety or punitive rationale for further imprisonment beyond the substantial time that he has already served starting in July 2019 until his release in November 2020.

Finally, as to Mr. Williams' conviction on the four counts of misdemeanor simple possession of controlled substances, this Court has long recognized that treatment rather than imprisonment is the most effective way to address issues of substance abuse. Accordingly, the Court should determine that a downward variance to a term of imprisonment of "time served" (the effective equivalent of nearly 19 months for the time in custody that Mr. Williams already served in this case[1]) is warranted under the factors of 18 U.S.C. § 3553(a).

## III. ALTERNATIVELY, BAIL PENDING APPEAL SHOULD BE GRANTED

As discussed above, it is respectfully submitted that the Court should sentence Mr. Williams to a term of imprisonment of "time served." Alternatively, if the Court determines to sentence Mr. Williams to further imprisonment beyond the nearly 19 months that he has already served, then the Court should continue him on his release pending the appeal of the Court's denial of his motion to suppress under 18 U.S.C. § 3143(b)(1).

Bail pending appeal is authorized if the Court finds: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person

[1] Mr. Williams served 16 months in pretrial detention starting in July 2019 until the Court granted his release in November 2020. Applying the rate of fifteen percent good time credits, that is the effective equivalent of a sentence of nearly 19 months imprisonment.

or the community if released under section 3142(b) or (c) of this title; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1).

Interpreting § 3143(b)(1)(B), the Ninth Circuit has made clear that a district court need not find that it erred or that success on appeal is likely in order to grant a defendant bail pending appeal. Instead, a "'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful.' 'In short, a "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous.'" *United States v. Handy,* 761 F.2d 1279, 1283 (9th Cir. 1985) (citations omitted). As such, in order for Mr. Williams to be eligible for bail pending appeal under § 3143(b)(1)(B), this Court need only find "that *if that substantial question is determined favorably to defendant on appeal,* that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Id.* (emphasis added, citation omitted).

With regard to considerations of flight and danger, the Court has already determined that it was appropriate to take a chance on releasing Mr. Williams and thereupon revoked the magistrate judge's detention order before trial, not yet knowing that he would ultimately be acquitted of the most serious charges against him, carrying significant mandatory minimum sentences, and not yet knowing that the benign circumstances regarding the firearm possession would be shown to be inconsistent with a risk of danger to the community. While on release, Mr. Williams has at times struggled with maintaining his sobriety and his gainful employment. *See* PSR ¶¶ 4-9. However, Mr. Williams has made important strides in those regards, including successful completion of the Center Point residential drug treatment program, and he has never given up nor reverted to any other illegal or otherwise dangerous activity. Mr. Williams has also of course made all his court appearances and has not indicated any other risk of flight.

Accordingly, if the Court is inclined to sentence Mr. Williams to any further term of imprisonment beyond the nearly 19 months that he has already served, the Court should permit

him to remain on release pending the appeal of the Court's denial of his motion to suppress, pursuant to 18 U.S.C. § 3143(b)(1).

## CONCLUSION

For the aforementioned reasons, the Court should credit Mr. Williams for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and vary downward under the factors of 18 U.S.C. § 3553(a) to a term of imprisonment of "time served." Alternatively, the Court should permit Mr. Williams to remain on release pending the appeal of the Court's denial of his motion to suppress, pursuant to 18 U.S.C. § 3143(b)(1).

Respectfully submitted,

Dated: February 16, 2021

GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California

/S

DANIEL P. BLANK
Assistant Federal Public Defender